## C. J. KIERNAN *v.* B. F. CAMERON ET AL.

1. CHANCERY JURISDICTION. *Supersedeas bond. Sureties become parties.*
   By executing a bond to supersede a decree in chancery, the sureties subject themselves to the jurisdiction of the court to enforce the decree, and the court may render a decree against them on the bond.

2. CHANCERY PRACTICE. *Decree on supersedeas bond, how obtainable.*
   Such decree on the bond may be rendered upon motion to that effect, if due notice be given to the parties to the bond and opportunity is afforded them to make any defense which would be available to them in any other proceeding on the bond.

APPEAL from the chancery court of Lauderdale county.

HON. SYLVANUS EVANS, Chancellor.

Appellant obtained a decree in the chancery court of Lauderdale county against the appellee, Cameron, for the partition of certain personal property. The decree ordered the defendant, Cameron, to deliver the personal property in controversy to commissioners, named in the decree, in order that the decree might be executed. An appeal was taken by the said Cameron from this decree to the supreme court, and a supersedeas bond executed with A. A. Dillehay, E. E. Spinks, and W. D. Cameron as sureties.

The decree of the chancery court was affirmed at the October term, 1887, of the supreme court.

At the July term, 1888, of the said chancery court, complainant, Keirnan, made a motion for a decree against the defendant, Cameron, and his said sureties on the supersedeas bond, for the value of the personal property, which the motion alleged defendant failed to deliver to the commissioners in compliance with the decree. Notice of the motion was served upon all the parties to the bond on June 8, 1888. The latter appeared and demurred to the motion, upon the ground that the court had no jurisdiction of the subject-matter; that the remedy by suit at law was ample and sufficient, and the proper remedy; and that a motion was an improper and unauthorized proceeding to obtain such a decree.

The court sustained the demurrer and dismissed the motion at the costs of complainant, who prosecutes this appeal.

*S. B. Watts*, for appellant.

1. There is no question as to the jurisdiction of the chancery court of the original suit, hence I contend that the court had power fully to dispose of the subject-matter, and give complainant the full benefit of the decree in his favor, without compelling him to resort to a court of law.

2. The final decree had been superseded by the bond, in which the sureties bound themselves in case of affirmance to "pay, satisfy and perform the decree, or final order of said court of chancery, and also such final judgment as may be made in the cause, and all costs."

The decree being affirmed, and the defendant having failed to deliver the property as required by the decree, it was certainly competent for the chancery court to hear testimony and render a judgment on the bond.

3. The court had jurisdiction under § 1834 of the code of 1880, which is a substantial copy of § 976 of the code of 1871. These sections gave the chancery court jurisdiction "in all cases in which bonds shall have been executed in any proceeding in relation to such estates or other proceedings had in said chancery courts to hear and determine, etc." *Brice* v. *Pollock*, 55 Miss. 309; 53 Miss. 532; 54 Miss. 649; 52 Miss. 748. The sureties made themselves parties to the suit and became thereby subject to its jurisdiction. 53 Miss. 741, 232, 195.

*W. N. King*, on same side.

The jurisdiction is complete under § 1834, code 1880.

If the property were squandered, how else could the decree be enforced? Surely the chancery court would not send complainant to the circuit court for an original suit on the bond. It is well settled that the chancery court has the inherent power to enforce its own decrees and orders, and here the sureties voluntarily became parties by executing the supersedeas bond. The chancery court once in possession of the subject-matter and parties, does nothing "by halves." To imprison the defendant for contempt, could not

satisfy the decree. The chancery court, as we have seen, will not send the parties to a court of law. Then the course pursued by us was the only proper one under the circumstances.

*Witherspoon & Witherspoon*, for appellees.

There is no statute authorizing the chancery court, which has finally disposed of a cause and entered its final decree, to render a decree on the bond executed for an appeal to the supreme court. The jurisdiction of the chancery court does not extend to breaches of bonds,in general. The liability on bonds is a question of common-law jurisdiction and must be enforced in the circuit court. The chancery court requires executors and guardians to execute bonds, conditional on final execution of their trusts, to pay to the parties in interest whatever the court may adjudge against them, but no one contends that a chancery court, on a mere motion, can adjudge a breach of such bond and enter decree against the sureties. A regular suit on the bond could not be brought in the chancery court, except as authorized by the statute ; and so as to an injunction bond.

Section 1425 of the code 1880 confers the jurisdiction to render judgment on a supersedeas bond alone on the supreme court, and that court will only render judgment on the bond in cases of judgments and decrees for money or specific property, and not for the value of property.

The chancery court cannot exercise such jurisdiction, if it possessed it, upon a mere motion. Such a summary plan assumes, as a starting point, that there has been a breach of the bond, a matter that must, upon every principle of law and equity, be set out in a declaration or bill, and sworn to and proved, after full opportunity to set up and establish a defense.

Many defenses suggest themselves which could not be made in a proceeding of this sort, all of which depend upon proof. How could proof be submitted when there is no way to make up an issue ? Could defendant file an answer and treat the motion as a bill? An answer in chancery to a motion would be a legal curiosity.

Conceding that proof could be introduced without issue or plead-

ings, what time would be allowed to take depositions? The statute gives five months after answer filed. As there can be no answer to a motion, when does the time begin and when does it end? We submit that this proceeding is unknown to the practice of chancery courts in this state.

CAMPBELL, J., delivered the opinion of the court.

The chancery court had full jurisdiction of the parties to the supersedeas bond, who by its execution connected themselves with the cause and submitted themselves to the jurisdiction of the court in its enforcement of the decree superseded, and it could lawfully render a decree on the bond. The mode of procedure in this case, if without precedent as alleged, seems to us unobjectionable, as the parties were given opportunity to make any defence which would have been available to them in any proceeding on the bond.

*Decree reversed, and cause remanded for further proceedings in the chancery court.*